# Exhibit 1

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

STATE OF SOUTH CAROLINA
IN THE COUNTY OF BERKELEY COUNTY

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL DISTRICT

Louis Pachuca Romero; Anayeli Garcia, *each individually* and *together* on behalf of all others similarly situated as Plaintiff Class,

Plaintiffs

v.

National General Insurance Company; Integon National Insurance Company; Integon Indemnity Corporation; National General Insurance Marketing, Inc.; Fuerza Latina Insurance, LLC; and, John Does nos. 1-100,

Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. _____

**SUMMONS**

To the above-named defendants:

YOU ARE HEREBY SUMMONED and required to answer the complaint attached hereto and served upon you, and to serve a copy of your answer to this complaint upon the J. Davis Law Firm, P.C., 234 Seven Farms Drive, MB # 16, Daniel Island, South Carolina 29492, within thirty (30) days of service hereof, exclusive of the day of such service. If you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint, and such further and other relief as the Court may allow at law and in equity.

s/ James R. Davis
James R. Davis, Esq.
J. Davis Law Firm, P.C.
BB&T Plaza, MB # 16
234 Seven Farms Drive, Suite 211B
Daniel Island, SC 29492
(843) 642-9333
jim@jdavispc.com
*Attorney for Plaintiffs*

Dated: November 18, 2022
Berkeley County, South Carolina

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

STATE OF SOUTH CAROLINA
IN THE COUNTY OF BERKELEY

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL DISTRICT

Louis Pachuca Romero; Anayeli Garcia, *each individually* and *together* on behalf of all others similarly situated as Plaintiff Class,

Plaintiffs

v.

National General Insurance Company; Integon National Insurance Company; Integon Indemnity Corporation; National General Insurance Marketing, Inc.; Fuerza Latina Insurance, LLC; and, John Does nos. 1-100,

Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. _____

**COMPLAINT**

**CLASS ACTION**
(Rule 23, SCRCP)

<u>Jury Trial Demanded</u>

LOUIS PACHUCA ROMERO and Anayeli Garcia, *each individually* and *together* on behalf of all others similarly situated as Plaintiff Class, by way of complaint, hereby asserts claims for damages and restitution as against the above-named defendants, *jointly and severally,* alleging as follows:

### Nature of Action

This is an action to recover plaintiffs' damages for defendants' wrongful denial of insurance benefits due plaintiffs under automobile insurance policies based on "undisclosed driver" designation constituting contract breach and violation of S.C. Code §§ 38-59-20; 38-61-10; 38-77-10, 39-5-20 *et., seq.*

### Parties

1.    Plaintiff Louis Pachuca Romero ("Romero") is an individual and resident of Berkeley County, South Carolina.

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

2.      Plaintiff Anayeli P. Garcia ("Garcia") is an individual and resident of Berkeley County, South Carolina.

3.      The plaintiff class ("Plaintiff Class") are each individuals similarly situated to Romero and Garcia and each a resident of the State of South Carolina.

4.      Defendant National General Insurance Company ("National") is duly organized for-profit Missouri corporation having a principal place of business at 5630 University Parkway, Winston-Salem, North Carolina, 27105 and a registered agent address CSC-Lawyers Incorporating Services Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

5.      Defendant Integon National Insurance Company, ("Integon") is duly organized for-profit Missouri corporation having a principal place of business at 5630 University Parkway, Winston-Salem, North Carolina, 27105 and a registered agent address CSC-Lawyers Incorporating Services Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

6.      Defendant Integon Indemnity Corporation, ("Integon Indemnity") is duly organized for-profit Missouri corporation having a principal place of business at 5630 University Parkway, Winston-Salem, North Carolina, 27105 and a registered agent address CSC-Lawyers Incorporating Services Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

7.      Defendant National General Insurance Marketing, Inc., ("National Marketing") (*collectively,* "Defendants") is duly organized for-profit Missouri corporation having a principal place of business at 5630 University Parkway, Winston-Salem, North Carolina, 27105 and a registered agent address CSC-Lawyers Incorporating Services Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

8.      Defendant Fuerza Latina Insurance, LLC, ("Latina") on information and belief, if a duly organized Georgia limited liability company having a principal place of business at 2830

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

Club Drive, Suite 5, Lawrenceville, Georgia, 30044.

9.    Defendants John Does Nos. 1-100 *inclusive* ("Does") are unknown to the Plaintiffs as of the filing date. On information and belief, Does are each agents of defendants National, Integon, Integon Indemnity, National Marketing and Latina and each did individually produce, market, publish, procure, sell and transact Defendants' insurance policies within the State of South Carolina.

10.    Defendants National, Integon, Integon Indemnity, National Marketing, Latina and Does are referred to *collectively* as the "Defendants".

11.    Plaintiffs Romero and Garcia *each individually* and *together* with the similarly situated Plaintiff Class are referred to *collectively* as the "Plaintiffs".

### Jurisdiction and Venue

12.    This Court has original subject matter jurisdiction over the claims in suit, and personal jurisdiction over the parties in suit, pursuant the S.C. Const. art. V, §11 and S.C. Code § 36-2-803, *respectively*. Venue is proper because a substantial amount of the events or omissions giving rise to the claims occurred within the jurisdiction of Charleston County, South Carolina, pursuant to S.C. Code §§ 15-7-30 and 15-7-70.

### The Plaintiff Class

13.    The Plaintiff Class is a definable and finite class of individuals comprising all of the Defendants' (i) insureds; (ii) residing in South Carolina; (iii) who within three (3) years preceding this complaint; (iv) had a valid insurance policy; (v) underwritten, sold or transacted by Defendants; (vi) providing coverage for property loss and injury; (vii) who suffered a property loss or injury in policy period; and (viii) filed a claim for a covered loss under Defendants' policy; and, (ix) were denied coverage on the basis of "undisclosed driver".

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

14.     The Plaintiff Class is those South Carolina individuals similarly situated to Romero and Garcia who are (i) insureds; (ii) residing in South Carolina; (iii) who within three (3) years preceding this complaint; (iv) had a valid insurance policy; (v) underwritten, sold or transacted by Defendants; (vi) providing coverage for property loss and injury; (vii) who suffered a property loss or injury in policy period; and (viii) filed a claim for a covered loss under Defendants' policy; and, (ix) were denied coverage on the basis of "undisclosed driver", in breach of the parties' Policy contract terms and in a violation of S.C. Code §§ 36-61-10, 38-77-30 and 39-5-20 *et., seq.*

15.     The claims, defenses and parties in this class action comply with Rule 23, SCRCP. Specifically, the Plaintiff class is so numerous that joinder of all members of the class is impracticable. Questions of law and fact are common to all members of the Plaintiff class. The claims and defenses of the class representative are the same or typical of the claims and defenses of the class as a whole, *namely* – the Defendants' unlawful denial of insurance benefits due under a policy on the grounds of an "undisclosed driver" in violation of South Carolina law. Romero and Garcia, as class representative(s), will fairly and adequately protect the interest of the class; and, the amount in controversy exceeds $100 for each member of the class.

**Factual Allegations**

16.     At all relevant times, Plaintiffs were insureds under an automobile insurance policy procured, underwritten, marketed, sold, issued and transacted in South Carolina ("Policy").

17.     At all relevant times, Plaintiffs paid all premiums and performed all their obligations and responsibilities under their respective Policy within South Carolina.

18.     At all relevant times, Plaintiffs were operating an insured vehicle and were involved in a collision resulting in a property loss or injury in South Carolina covered by Defendants' Policy.

19.     At all relevant times, Plaintiffs timely filed notices of claims against the Policy

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

("Notice") by and through one or more of the Defendants for insurance coverage to redress their covered injuries and property loss.

20.    Upon receipt of Plaintiffs' claim Notice, the Defendants or one or more of them, denied Plaintiffs' claims, or failed, neglected or otherwise refused to pay Plaintiffs' claims, in breach of the Policy terms and in violation of South Carolina law.

21.    At all relevant times, the Defendants, or one or more of them, have refused to pay, or otherwise timely pay, Plaintiffs' lawful claims under the Policy.

22.    At all relevant times, Romero is a Policy holder and an insured under the Defendants' Policy. The Romero Policy provides coverage for property damage and injury.

23.    At all relevant times, Romero and Garcia reside as relatives (father and daughter) within the same household.

24.    At all relevant times, Romero and Garcia were each an insured under the Defendants' Policies and South Carolina law.

25.    On or about December 18, 2021, at approximately 5:35 p.m., Plaintiff Garcia was involved in a collision while driving a 2019 Honda SUV ("Vehicle") west on Azalea Square Boulevard in Summerville, South Carolina. The Vehicle is a covered automobile listed on Plaintiff Romero's insurance Policy.

26.    Garcia's Vehicle sustained property damage and Garcia's passenger sustained injury. After the collision, Romero and Garcia timely filed a claim Notice with the Defendants for insurance coverage under the Policy.

27.    The Defendants, or one or more of them, summarily denied Romero and Garcia's property and injury claim on the grounds that Garcia was an "undisclosed driver". Exhibit A.

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

28.     On or about May 25, 2022, Garcia was served a subrogation demand from USAA Casualty Insurance Company ("USAA") to reimburse USAA for losses its insured sustained in the subject collision. Exhibit B.

29.     On or about November 3, 2022, Garcia was sued by the driver and passengers colliding with Garcia in the Berkeley County Court of Common Pleas for purported property damage and injuries sustained in the collision. (case no. 2022-CP-08-02678).

30.     At all relevant times, the Defendants marketed, sold, issued and transacted insurance Policies in South Carolina to South Carolina residents, including the Plaintiffs.

31.     At all relevant times, the Defendants' insurance Policies affected the property, lives and interest of the Plaintiffs within the State of South Carolina.

32.     At all relevant times, the Plaintiffs were "insureds" within the meaning of South Carolina law and under the Defendants' Policies.

33.     The Defendants' insurance Policies with the Plaintiffs are subject to South Carolina law, including without limitation, S.C. Code §§ 36-61-10; 38-77-10, *et. seq.*

34.     S.C. Code § 36-61-10 states in relevant part:

> All contracts of insurance on property, lives, or interests in this State are considered to be made in the State and all contracts of insurance applications for which are taken within the State are considered to have been made within this State and are subject to the laws of this State.

35.     S.C. Code § 38-77-30 states in relevant part:

> "Insured" means the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies or the personal representative of any of the above.

6

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

36.     Defendants *joint and several* denial of Garcia's and the class Plaintiffs' claim constitutes a breach of the parties' Policy contract terms, breach of good faith and fair dealing and a violation of S.C. Code §§ 36-61-10, 38-77-30 and 39-5-20 *et., seq.*

37.     On information and belief, and discovery will show, Defendants *joint and several* denial of the similarly situated Plaintiffs' claims constitutes a breach of the parties' Policy contract terms, breach of good faith and fair dealing and a violation of S.C. Code §§ 36-61-10, 38-77-30 and 39-5-20 *et., seq.*

38.     Defendants' conscious disregard of Plaintiffs' contractual rights under the respective Policies, and acts and omissions in the particulars set forth in this complaint, constitute breach of contract, breach of the covenant of good faith and fair dealing and violations of S.C. Code §§ 36-61-10, 38-77-30 and 39-5-20 *et., seq.*

39.     As a direct, proximate and foreseeable result of Defendants' unlawful denial of insurance coverage benefits when due, the Plaintiffs sustained pecuniary and non-pecuniary damages and financial losses for which they are entitled to recover their actual, special, and punitive damages.

**FOR A CAUSE OF ACTION**

<u>COUNT</u> I
Breach of Contract and
Breach of Good Faith and Fair Dealing
(as against all Defendants)

40.     Plaintiffs repeat, reallege and incorporate by reference the preceding allegations set forth in this complaint as if the same were fully set forth herein.

41.     At all relevant times, Plaintiffs and Defendants entered into a valid, binding and enforceable Policy contract for good and valuable consideration.

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

42.     The Policy contract is subject to South Carolina law.

43.     The Policy contract provides insurance coverage for the Plaintiffs' property damages and injury resulting from a Vehicle collision of the type and kind set forth in this complaint.

44.     At all relevant times, the Plaintiffs performed their obligations and responsibilities under the terms of the Policy contract, including without limitation, payment of premiums and timely Notices of claims.

45.     The Defendants, or one or more of them, neglected, failed or otherwise refused to honor their obligations and responsibilities under the respective Policy contract(s) by non-payment of Policy benefits due under the Policy contact on the basis of an "undisclosed driver", in violation of South Carolina law.

46.     The Defendants owed the Plaintiffs a duty of good faith and fair dealing under the Policy contract – *namely, inter alia,* to underwrite, issue and perform their Policy contract obligations compliant with South Carolina law, which they did not.

47.     The Plaintiffs' plead foreseeable special damages in such amounts as to be determined in the Plaintiffs' investigation and discovery, but in all events not less than $15,000 per Policy violation. The Plaintiffs' foreseeable special damages will become more definite during Plaintiffs' investigation and discovery in this matter and therefore Plaintiffs' will supplement this pleading for special damages prior to the trial of this matter, accordingly.

48.     As a direct, proximate and foreseeable result of the Defendants' contract breach, and breach of good faith and fair dealing, the Plaintiffs sustained pecuniary and non-pecuniary damages, including without limitation, property losses, injury, medical expenses, subrogation claims and attorney fees and costs.

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

<u>COUNT II</u>
Breach of Contact Accompanied by Fraudulent Act
(as against all Defendants)

49.    Plaintiffs repeat, reallege and incorporate by reference the preceding allegations set forth in this complaint as if the same were fully set forth herein.

50.    At all relevant times, the Plaintiffs and Defendants entered into a valid, binding and enforceable Policy contract for good and valuable consideration in the State of South Carolina.

51.    The Defendants engaged in fraudulent false and misleading statements, acts and omissions, in wrongfully and unlawfully denying the Plaintiffs' insurance coverage due under the Policy.

52.    The Defendants' false and misleading statements, acts and omission accompanying their contract breach in the particulars set forth in this complaint – *namely,* by Defendants' knowing, willful and wanton wrongful denial of coverages for Plaintiffs' covered losses when Defendants' knew, or should have known, South Carolina law mandated coverage, constitutes breach of contact accompanied by fraudulent acts.

53.    As direct, proximate, and foreseeable result of the Defendants' breach of contract accompanied by fraudulent representations, acts and omissions, the Plaintiffs sustained substantial pecuniary and non-pecuniary losses as set forth herein, and in an amount to be determined at trial.

<u>COUNT III</u>
Bad Faith Refusal to Pay First Party Benefits
under an Insurance Policy and Improper Claims Practices
in Violation of  S.C. Code § 38-59-20
(as against all Defendants)

54.    Plaintiffs repeat, reallege and incorporate by reference the preceding allegations set forth in this complaint as if the same were fully set forth herein.

55.    Defendants' wrongful and unlawful conduct in the particulars set forth in this

9

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

complaint and below constitute bad faith refusal to pay first party benefits under an insurance policy in violation of South Carolina law, *namely* –

  a. Knowingly misrepresenting to insureds or third-party claimants pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages;

  b. In refusing to honor claims submitted for first-party benefits within thirty (30) days of reasonable proof of claim;

  c. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies, including third-party claims arising under liability insurance policies;

  d. Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims, including third-party liability claims, arising under its policies;

  e. In unreasonably denying payment of the Plaintiffs' claims in violation of S.C. Code § 38-59-230;

  f. Not attempting in good faith to effect prompt, fair, and equitable settlement of claims, including third-party liability claims, submitted to it in which liability has become reasonably clear;

  g. In failing to communicate to the Plaintiffs any justifiable basis for denying Plaintiffs' lawful claims;

  h. In failing to attempt in good faith to effect a fair, prompt and equitable settlement of the Plaintiffs' lawful claims;

  i. Compelling policyholders or claimants, including third-party claimants

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

under liability policies, to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies by offering substantially less than the amounts ultimately recovered through suits brought by the claimants or through settlements with their attorneys employed as the result of the inability of the claimants to effect reasonable settlements with the insurers;

j.    In failing to fully investigate and review the Plaintiffs' claims as against the Policies to determine appropriate coverages due the Plaintiffs;

k.    In refusing to honor the claims as a leverage to force the Plaintiffs' to concede money, or otherwise give-up, their rights under the Policies;

l.    In carrying on in a pattern of deceitful representations, acts and omissions, and in reckless disregard of the Plaintiffs' legal rights, in a deliberate scheme to side-step the Defendants' obligations and responsibilities under the Policy to pay Policy claims due the Plaintiffs.

56.    The Defendants are each and together sophisticated businesses learned and experienced in the underwriting, marketing, sale and issuance of insurance and indemnity products and services to the public, like Plaintiffs; and, therefore, the Defendants knew, or should have known, of South Carolina's insurance laws and regulations and that their wrongful and unlawful denial of coverage benefits when due was in fact illegal, outrageous and would cause financial hardship and losses to their insureds, at substantial loss to the insureds, solely for the Defendants' financial gain.

57.    As direct, proximate, and foreseeable result of the Defendants' bad faith refusal to pay first party benefits under an insurance policy by fraudulent representations, acts and omissions, the Plaintiffs sustained substantial pecuniary and non-pecuniary losses as set forth herein, and are

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

entitled to recover their actual, special and punitive damages in such amounts to be determined at trial.

COUNT V

Violation of Unfair Trade Practices Act
S.C. Code § 39-5-10
(as against all Defendants)

58.     Plaintiffs repeat, reallege and incorporate by reference the preceding allegations set forth in this complaint as if the same were fully set forth herein.

59.     Defendants' false statements, acts and omissions, in the particulars set forth in this complaint constitute unfair and deceptive acts and practices in the underwriting and sale of insurance and insurance agency.

60.     Defendants willfully and knowingly engaged and participated in fraudulent acts and omissions to avoid paying insurance benefits when due the Plaintiffs, for the Defendants' personal gain, to insureds' substantial loss.

61.     Defendants' unfair and deceptive conduct concerns, or otherwise impacts, the public interest given that untruthful and deceptive acts in insurance underwriting, sales, and agency impair insurance coverages and benefit transactions, and impairs economic strength and erodes public confidence in insurance; and, truthful and reliable representations in insurance underwriting, sales, and agency promote fair and enforceable insurance coverages and benefits.

62.     Defendants' unfair and deceptive conduct has the potential for repetition because insurance companies, like the Defendants, *self*-dealing in the control of insurance products and transactions will reap substantial financial windfalls for themselves at the public's expense.

63.     Defendants' unfair and deceptive statements, acts and omissions, in the particulars set forth in this complaint are exactly the type of unlawful conduct S.C. Code §§ 36-61-10, 38-77-

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

30; 38-59-230 and 39-5-20 *et., seq.* was enacted to prevent; and, the Plaintiffs in this action are members of the class of persons these statutes were enacted to protect.

64.      As direct, foreseeable, and proximate result of the Defendants' violation of the South Carolina Unfair Trade Practices Act, the Plaintiffs sustained substantial pecuniary and non-pecuniary losses as set forth herein, and in such amounts to be determined at trial.

### Prayer for Relief

WHEREFORE, Plaintiffs Romero, Garcia and the Plaintiff Class demand judgment in favor of Plaintiffs, and as against the Defendants, *jointly and severally,* awarding the Plaintiffs on each and every of their First through Fifth causes of action the Plaintiffs' actual, special and punitive damages, plus pre and post-judgment interest (S.C. Code § 38-59-240), *together with* their attorney fees and costs (S.C. Code § 38-59-40) or otherwise in equity, all to the fullest extent allowable at law and in equity, awarded at the trial of this matter, and for such other and further relief this Court deems fair and just.

Plaintiffs demand <u>jury</u> <u>trial</u> on all claims so triable.

Respectfully Submitted,

By Counsel,

s/ James R. Davis
James R. Davis, Esq.
**J. Davis Law Firm, P.C.**
BB&T Plaza Box #16
234 Seven Farms Drive, Suite 211B
Daniel Island, SC 29492
(843) 642-8333 (office)
jim@jdavispc.com
*Attorney for the Plaintiffs*

Dated: November 18, 2022
Berkeley County, South Carolina

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

Exhibit A

(Insurance Coverage Denial Letter)

**National General** ⟩⟩
Auto, Home & Health Insurance
PO Box 1623 • Winston-Salem, NC 27102-1623

December 20 2021

ERIKA GARCIA RINCON
623 DUTCH FORK DR
LADSON, SC 29456

RE: Claim Number:   210638868
　　Date of Loss:      December 18, 2021
　　Named Insured: Luis Pachuca Romero

Dear Ms. Garcia Rincon,

A collision claim has been made under your policy regarding damages on your 2019 Honda CR-V resulting from an accident on December 18, 2021.

During our investigation, it was revealed that Anayeli Garcia has been a member of your household since inception, was driving your vehicle in this accident, , but isn't listed on your policy.

Your SC Personal Auto Policy states:

LL. "Undisclosed operator" means a
1.　　Family member;
2.　　Person who resides in your household; or
3.　　Regular operator

who is not listed on your Policy at the time of application or within 7 days of becoming a family member, resident of your household, or regular operator.

PART D – COVERAGE FOR DAMAGE TO YOUR AUTO
EXCLUSIONS

25. Loss resulting from the use of any auto by:
　　　a. A named excluded driver;
　　　b. An undisclosed driver; or
　　　c. Any person with a revoked or suspended driver's license or permit

Based on the evidence, Anayeli Garcia is considered an "undisclosed operator" therefore, we will not be able to provide collision coverage for this loss.

Thank you,

*Kristie Moore*
MD TCR II
On behalf of Integon Indemnity Corporation
PO BOX 1623 Winston Salem, NC 27102-1623
Direct (336) 435-5593 • Toll Free (800) 468-3466 • Fax (800) 924-0273

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

Exhibit B

(USAA Subrogation Demand)

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829



USAA Casualty Insurance Company

# REQUEST FOR PAYMENT



0000800    SP    1494    -C01-P00800-I    -04664-555714942165

ANAYELI P GARCIA
621 DUTCH FORD DR
LADSON SC 29456-3596

May 25, 2022

Dear Anayeli P Garcia,

We reimbursed our policyholder for damages sustained as a result of the loss from:

| | |
|---|---|
| **Your reference number:** | |
| **Claim number:** | 35267460-004 |
| **USAA policyholder:** | Zakiya Hendricks |
| **Date of loss:** | December 18, 2021 |
| **Loss location:** | Summerville, South Carolina |

Our investigation shows that you're responsible for the loss, so we're requesting reimbursement from you. See the following page for the payment summary.

If we don't hear from you by June 9, 2022, we'll refer this claim to a recovery agency or attorney. Depending on state law or regulations, this could result in:

- Cancellation of driver's license.
- Cancellation of your vehicle registration.
- Garnishment of your wages.
- Placement of a lien on your property.

To avoid the above actions, we urge you to call us at 800-531-8722, extension 7-9583.

## How to Contact Us
If you have questions, please contact us using one of the following options:

📞 **Phone:** 210-531-USAA (8722), our mobile shortcut #8722 or 800-531-8722

📠 **Fax:** 800-531-8669

Sincerely,

Deborah B Orem
Subrogation Department
USAA Casualty Insurance Company

USAA # 035267460 - DM-04664

94465-1121

Page 1 of 5

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

Payment Summary

**Claim number:** 35267460-004

| | |
|---|---|
| Total Loss (ACV) | $14,758.00 |
| Net Salvage | -$3,696.43 |
| Rental Reimbursement | $654.01 |
| Total payment requested | $11,715.58 |

- Make your certified check or money order payable to: **USAA as subrogee of** ZAKIYA HENDRICKS.
- Provide claim number 35267460-004 on your check or money order.
- Send your payment to:  **USAA Subrogation Department**
  **P.O. Box 659476**
  **San Antonio, Texas 78265-9476**

Any payment less than the full amount that we've requested will not satisfy our claim. We will not waive our legal rights to enforce collection of the remaining unpaid amount unless we provide you a written release.

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

**Payment History**

| Issue Date: | 2022-01-26 | Payment Amount: | $654.01 |
| Check Number: | 000749207 | Pay to the Order of: | EAN SERVICES LLC |

| Allocation Coverage | Item/Party | Benefit | Reason | Amount |
|---|---|---|---|---|
| Rental Reimbursement | IV 2015 CHEVROLET TRAX 4D LT | Loss of use | Standard indemnity | $654.01 |
| | | | Payment Amount: | $654.01 |

| Issue Date: | 2022-01-07 | Payment Amount: | $14,258.00 |
| Check Number: | 006530584 | Pay to the Order of: | ZAKIYA HENDRICKS |

| Allocation Coverage | Item/Party | Benefit | Reason | Amount |
|---|---|---|---|---|
| Collision | IV 2015 CHEVROLET TRAX 4D LT | Vehicle | Standard indemnity | $14,258.00 |
| | | | Payment Amount: | $14,258.00 |

Rental Invoices

Enterprise Rent A Car
Po Box 840086
Kansas City, Missouri 64184 0086
(210)832-0868

| Invoice Status: | Paid | Assigned Date: | 12/21/2021 |
|---|---|---|---|
| Invoice Number: | 2662D57GTD0 | Rental Start Date: | 12/21/2021 |
| Invoice Received Date: | 01/07/2022 | Rental End Date: | 01/03/2022 |
| Invoice Date: | 01/06/2022 | Charges Start Date: | 12/21/2021 |
| Invoice Paid Date: | 01/26/2022 | Charges End Date: | 01/03/2022 |
| | | Payment Due Date | 01/26/2022 |

| Transaction Description | Amount |
|---|---|
| Daily Rental Rate 14.00 DAY @ 40.50 | $567.00 |
| Vehicle Licensing/Reg Fee 14.00 DAY @ 0.50 | $7.00 |
| Sales Tax | $51.66 |
| Government Surcharge | $28.35 |
| Total | $654.01 |

### Responsible Party

| | |
|---|---|
| USAA | $654.01 |
| Renter | |
| Other | |
| Total Charges | $654.01 |
| USAA Paid | $654.01 |

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829

**Salvage Recoveries**

Copart(sc) Waiting Upon Arrival Or Ch
120 Commerce Dr
Harleyville, South Carolina 29448-4205
(843)900-6769

| | |
|---|---|
| Assigned Date: | 12/21/2021 |
| Picked Up Date: | 12/21/2021 |
| Vehicle Disposition Method: | SOLD BY POOL/FACILITY |

**Summary**

| | |
|---|---|
| Gross Recovery: | $3,900.00 |
| Total Salvage Expenses: | -$203.57 |
| Pool Credit: | |
| Net Salvage: | $3,696.43 |

ELECTRONICALLY FILED - 2022 Nov 18 6:08 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802829